*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY T. MOORE, | Civil Action No. 15-1436 (FLW) |
| Petitioner, | |
| v. | OPINION |
| ROBERT BUECHELE, et al. | |
| Respondents. | |

**WOLFSON, United States District Judge:**

### I.     INTRODUCTION

Petitioner Leroy T. Moore is a state prisoner currently incarcerated at South Woods State Prison in Bridgeton, New Jersey.  Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges only the computation of his jail time credits, and he has declared that this petition sets forth all grounds for relief and is his one, all-inclusive habeas petition.  (ECF No. 1, at 16.)  The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that it is clear from the Petition that Petitioner has failed to exhaust his available state remedies prior to filing the instant Petition.  As such, the Court administratively terminates the Petition at this time.

## II.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only the facts relevant to the instant Opinion.  Petitioner initially filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 24, 2015. (ECF No. 1). On March 27, 2015, the Court administratively terminated the case for failure to pay the filing fee or submit a complete application to proceed *in forma pauperis*. (ECF No. 2.) Petitioner subsequently paid the filing fee, and the Court reopened the matter to screen Petitioner's Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

It appears from his Petition and attachments that Petitioner pleaded guilty to several drug offenses, and was sentenced on June 12, 2014.  (ECF No. 1.)   He did not appeal his convictions or sentence.  (*Id.*)  As his only ground for relief, Petitioner alleges that "prison officials failed to provide Petitioner with his jail credits and gap time credits that [were] awarded to Petitioner through his sentencing."  (*Id.*, Pet. at 6.)   Regarding the exhaustion of his state remedies, Petitioner states as follows:

> Filed remedy to classification (July 2014) requesting my jail and gap time credits to be awarded as they appear on my JOC, received no response.  On August 18, 2014, I filed another grievance [to] which the Respondents stating that I'm not entitled to such credits (see exhibits)[.]

(ECF No. 1.)  Petitioner has submitted attachments with his Petition, including his Judgment of Conviction ("JOC") and his correspondence with individuals at the Department of Corrections regarding the alleged error in the calculation of his sentence.  (*Id.*)  Petitioner does not specify the relief he is seeking in his Petition.  (*Id.*)

### III.     ANALYSIS

#### a.  Standard for *Sua Sponte* Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).  Habeas Rule 4 requires a judge to *sua sponte* dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  As such, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.  The Court notes, however, that a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir.1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989). Nevertheless, a federal court can dismiss a habeas corpus petition without the filing of an answer if "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Mastrosimone v. New Jersey Dep't of Corr.*, No. CIV. 14-1710, 2015 WL 4638246, at *2 (D.N.J. Aug. 4, 2015) (administratively terminating habeas petition

under Rule 4 where it was clear on the face of the Petition that Petitioner failed to exhaust all available administrative remedies).

### b. Exhaustion of State Remedies

At issue here is whether it is clear from the face of the Petition that Petitioner failed to exhaust all available state remedies related to the alleged denial of jail credits prior to filing his Petition. Exhaustion of state remedies is a necessary prerequisite to a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). "Under Section 2254, a writ of habeas corpus may not be granted unless the applicant has exhausted remedies available in state court or 'unless there is an absence of available corrective state process or state remedies are ineffective.'" *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001) (quoting *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999); 28 U.S.C. § 2254(b)(1)). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, a petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Ross v. Petsock*, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the

exhaustion requirement is satisfied. *Hohsfield v. Yatauro*, No. CIV.A. 11-2000 GEB, 2011 WL 2418478, at *2 (D.N.J. June 13, 2011) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

New Jersey law provides an absolute right to appeal any action or decision of a state administrative agency to the Superior Court, Appellate Division, under: (a) the State Constitution, N.J. Const. Art. VI, Sec. 5, ¶ 4, *see Trantino v. N.J. State Parole Bd.*, 166 N.J. 113, 172, *modified on other grounds*, 167 N.J. 619 (2001); and also under (b) the New Jersey Court Rules. *See* N.J. Ct. Rule 2:2–3(a)(2); *see also Mastrosimone*, 2015 WL 4638246, at *3 (explaining same). "This procedure allows for appeals from 'inaction as well as action of a State administrative agency.'" *Mastrosimone*, 2015 WL 4638246, at *3 (citing *Trantino v. N.J. State Parole Bd.*, 296 N.J. Super. 437, 459–460 (App. Div. 1997), *modified on other grounds and afff'd*, 154 N.J. 1 (1998); *Johnson v. State Parole Bd.*, 131 N.J. Super. 513, 517–18 (App. Div. 1974), *certif. denied*, 67 N.J. 94 (1975); *Petrucelli v. Dep't of Civ. Service*, 28 N.J. Super. 572, 575 (App. Div. 1953)). The New Jersey Court Rules additionally enable all litigants to seek certification from the Supreme Court. *See* N.J. Ct. R. 2:12–3.

Here it is plain on the face of the Petition that Petitioner has not exhausted his state court remedies regarding the alleged denial of jail and gap time credits as Plaintiff has merely filed two internal grievances and does not indicate that he appealed the resulting administrative determination – to the extent it is final – to the Superior Court, Appellate Division, and then to the Supreme Court of New Jersey. The Court notes that if Petitioner's challenges are unexhausted, they are subject to dismissal without prejudice unless Petitioner establishes a valid excuse from the exhaustion requirement. *See Pratola v. S. State Corr. Facility*, No. 137628, 2014 WL 4104636, at *3 (D.N.J. Aug. 19, 2014); *Mastrosimone*, 2015 WL 4638246, at *4. In

5

this instance, the Court will administratively terminate the Petition for failure to exhaust his state court remedies.  The Court notes that Petitioner may attempt to reopen his Petition once he fully exhausts his state court remedies.  To the extent Petitioner has a valid excuse for failing to exhaust, he may file an Amended Petition within 30 days.

## IV.     CONCLUSION

The Court administratively terminates Petitioner's Petition for failure exhaust state court remedies.  An appropriate Order follows.


__/s/ Freda L. Wolfson_____
Freda L. Wolfson, U.S.D.J.


Date:  _October 2_____, 2015